IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br><br> v. <br><br> **JOEL QUINTANA CRUZ**, <br> Defendant. | **CRIM. NO**. 22-417 (ADC) |

**REPORT AND RECOMMENDATION**

Pending before the Court is defendant Joel Quintana Cruz' ("defendant") Motion to Dismiss Count One of the Indictment ("Motion to Dismiss"). *See* Docket No. 37. For the reasons espoused more thoroughly below, the Court **RECOMMENDS** that the Motion to Dismiss be **DENIED**.

### I.   BACKGROUND

On September 28, 2022, the grand jury returned a two-count indictment against the defendant charging him with 1) attempted production of child pornography, in violation of Title 18, *United States Code*, Sections 2251(a) and (e) (Count One); and 2) possession and attempted possession of child pornography, in violation of Title 18, *United States Code*, Section 2252A(a)(5)(B) (Count Two) ("Indictment"). *See* Docket No. 3. Count One of the Indictment references a video that the defendant allegedly recorded surreptitiously wherein he captured his girlfriend's eleven-year-old daughter through the window of the bathroom while she was showering. *Id.*

In the Motion to Dismiss, filed on November 14, 2023, the defendant moved, presumably under Rule 12(b)(3)(B)(v) (failure to state an offense),[1] to

---

[1] The Court uses the term "presumably" because nowhere in the Motion to Dismiss does the defendant mention Rule 12 of the Fed. R. Crim P. Nor does he specifically argue for dismissal under any of its enumerated "defenses, objections and requests." Fed. R. Crim. P. 12.

dismiss Count One of the Indictment. *See* Docket No. 37. The defendant argued that because the video referred to in Count One only shows the top of the minor's head and, for a few brief seconds, her right breast, the Government cannot demonstrate that the minor was engaging in *sexually explicit conduct*, an element that must be proved beyond a reasonable doubt to convict the defendant of production of child pornography. Accordingly, the defendant contends that Count One should be dismissed because the video referenced in the Indictment is insufficient to convict him of the charges in Count One.

On December 8, 2023, the Government filed an opposition to the Motion to Dismiss ("Opposition"). *See* Docket No. 47. In its Opposition, the Government argued that the defendant's emphasis on the failure of the referenced video to depict *sexually explicit conduct* is misplaced because Count One charges *attempted* production of child pornography, not actual production of child pornography. As a result, all that the Government is required to prove in order to prevail in a charge of attempted production of child pornography is that the defendant had the *intent* to commit the crime of production of child pornography and that he took a substantial step towards committing the substantive offense. *Id.* at 1-2.

The defendant did not file a reply. The Court referred the matter to the undersigned for the preparation of a Report and Recommendation. *See* Docket No. 43.

## II.  LEGAL STANDARD

An indictment is legally sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Berk,* 652 F.3d 132, 138 (1st Cir. 2011) (quoting *United States v. Cianci*, 378 F.3d 71, 81 (1st Cir. 2004) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

---

He does, however, ask for dismissal of Count One as a remedy without referencing any statutory provision that would entitle him to such a resolution.

"The indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged . . . ." *Berk*, 652 F. 3d at 138 (quoting Fed. R. Crim. P. 7(c)(1)). It "should be specific enough to notify the defendant of the nature of the accusation against him and to apprise the court of the facts alleged." *Berk*, at 139, (quoting *United States v. Brown*, 295 F.3d 152, 154 (1st Cir. 2002) (citing *Russell v. United States*, 369 U.S. 749, 766–68 (1962)). Setting forth the words of the statute itself is "generally sufficient" if "those words set forth all the elements of the offense without any uncertainty or ambiguity." *Brown*, 295 F.3d at 154 (citing *United States v. Serino*, 835 F.2d 924, 929 (1st Cir. 1987)).

This concept was set forth by the Supreme Court as far back as 68 years ago when it stated in *Costello v. United States*,[2] that a technically sufficient indictment handed down by a duly empaneled grand jury "*is enough to call for trial* of the charge on the merits." *Guerrier*, 669 F.3d at 4 (emphasis added) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956) (explaining that the Fifth Amendment's grand-jury guarantee does not give defendants the right to a "preliminary trial to determine the competency and adequacy of the evidence" undergirding the indictment). In other words, "[t]he government need not put forth specific evidence to survive a motion to dismiss." *United States v. Chalwell*, ___ F. Supp. 3d ___, 2023 WL 6346107, *2 (D.P.R.) (quoting *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015)) (quoting *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014)). A Rule 12(b) motion does not "force the government to defend the sufficiency of its evidence to be marshalled in support of proving the charged offense." *United States v. Rodríguez-Rivera*, 918 F.3d 32, 35 (1st Cir. 2019). Indeed, "a court must deny a motion to dismiss if the motion relies on disputed facts." *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018); *see also Ngige*, 780 F.3d at 502 (affirming district court

---

[2] 350 U.S. 359, 363 (1956).

Case 3:22-cr-00417-ADC   Document 44   Filed 06/12/24   Page 4 of 7

Report and Recommendation                                                                   Page 4
Crim. No. 22-417 (ADC)

denial of motion to dismiss the indictment where the defendant's argument "rested on factual disputes left to the factfinder").

### III.　THE MOTION TO DISMISS

The defendant is a 34-year-old male who, as noted above, is alleged to have used his cellphone to surreptitiously record his girlfriend's eleven-year-old daughter through the outside window of the bathroom while she showered, as evidenced by the video referenced in Count One, with the intent of producing child pornography. The defendant alleges in the Motion to Dismiss that the video shows the top of the minor's head and, for a few brief seconds, her right breast. He further alleges, albeit erroneously, that the Government must prove that the minor was engaging in sexually explicit conduct when depicted in the video in order to prevail as to Count One of the Indictment. Because she was not so engaged, the defendant contends that Count One must be dismissed.

The Government does not dispute the fact that the video mentioned in Count One does not depict the minor engaging in sexually explicit conduct. Indeed, the Government explains that that is precisely why the defendant stands charged in Count One with *attempted* production of child pornography and not actual production of child pornography. The Government disputes, however, any contention that the video referenced in Count One is the only evidence available to prove that charge.[3] It further proffers that it intends to

---

[3] Actual images or videos, whether sexually explicit or not, are not required to prove a charge of attempted production of child pornography. For example, in *United States v. Musumeci*, 307 Fed Appx. 471 (2d. Cir 2008), the Second Circuit found sufficient evidence, after trial, to prove an attempt to produce child pornography where there were no actual images or videos produced.

In *Musumeci*, the evidence showed that,

> Musumeci had identified an apparent teenager, "Lisa," for the purpose of engaging in sexual activity; sent her pictures of his genitals and expressed a desire to take pictures of her face, breasts, and vagina; drove from Long Island to Manhattan to meet Lisa at a time when he believed that she would be home alone; and brought a camera with him to that meeting. At the time of his arrest, Musumeci walked, camera in hand, with a woman he believed to be thirteen years old toward what he had been told was her empty apartment for the conceded purpose

introduce at trial evidence other than the video to prove the defendant's intent to produce child pornography, even if he did not succeed at it, including, *inter alia,* 1) five sexually explicit videos found in the defendant's possession depicting other minors of approximately the same age as the female minor in this case, 2) testimonial evidence that the defendant instructed the minor to take a shower when her mother was not home, and 3) admissions by the defendant, when questioned by Puerto Rico Police officers, where he claimed to have leaned against the exterior wall of the house and unknowingly placed his cellphone in the bathroom window while its camera was set to record. The defendant's argument in the Motion to Dismiss, which targets the strength and sufficiency of the Government's evidence, completely misses the mark. The Court explains.

### IV. DISCUSSION

### A. *The Indictment is, on its Face, Adequate and Sufficient to State an Offense and Appraise the Defendant of the Charged Conduct.*

Count One of the Indictment charges that:

> On or about May 15, 2022, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendant,
>
> **JOEL QUINTANA-CRUZ,**
>
> did knowingly attempt to employ, use, persuade, induce, entice and coerce an 11 year-old female minor (hereinafter "MF1") to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct using materials that have been mailed, shipped and transported in and

---

of having sexual relations, intending to take photographs of a pornographic nature. Based on this evidence, a rational trier of fact could have found—and, in fact, did find—that Musumeci had taken a "substantial step" toward the production of child pornography.

*Id.* at 472-73. *See also United States v. Johnson*, 639 F.3d 433, 439 (8th Cir. 2011) (We believe that the district court's and the briefs' emphasis on whether or not the videotapes themselves are actually lascivious is somewhat misplaced. The case was submitted to the jury only on an attempt theory. "[A] defendant's success in attaining his criminal objective is not necessary for an attempt conviction.")

>affecting interstate or foreign commerce by any means, including by computer, in any commonwealth, territory or possession of the United States, that is, on or about the dates mentioned above, the defendant, **JOEL QUINTANA-CRUZ**, did knowingly film MF1 nude while she was showering using his One Plus Android cellular phone, which was not manufactured in Puerto Rico. All in violation of Title 18, *United States Code*, Sections 2251(a) and (e).

*See* Docket No. 3. (Emphasis in original).

The abovementioned language of the Indictment tracks the language of the statute and provides the defendant with sufficient notice of the time, place, and manner that the criminal conduct is alleged to have occurred. With this language, the Government sufficiently enabled the defendant to prepare a defense and to protect himself from double jeopardy. Nothing further is required by Rule 7(c) of the Fed. R. Crim. P.

The fact that the Grand Jury made reference in Count One to a piece of evidence to be presented at trial, namely, the specific video allegedly taken by the defendant, exceeds the scope of the notice required under Rule 7 and does not open the door for disposition of a case where the record is incomplete and in dispute. "[T]he government need not recite all of its evidence in the indictment." *Rodríguez-Rivera*, 918 F.3d at 35. It instead has the right to call for a trial and make a full and complete presentation of its case for adjudication.

> B. *The Motion to Dismiss Inappropriately Seeks Adjudication of a Disputed Factual Record.*

The First Circuit has recognized that a motion to dismiss under Rule 12(b)(1) may not proceed on an incomplete or disputed factual record. *Id.*[4] Nor is there any legal requirement that the Government complete the factual

---

[4] The First Circuit has recognized that in unique situations where the parties stipulate to the facts, the district court may be placed in a position to entertain a Rule 12 motion to dismiss in a criminal case. *Rodríguez-Rivera*, 918 F.3d at 135. That situation is not present in this case.

Case 3:22-cr-00417-ADC   Document 44   Filed 06/12/24   Page 7 of 7

Report and Recommendation                                                                                   Page 7
Crim. No. 22-417 (ADC)

record before trial. *Id. See also United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000) (After filing a legally sufficient indictment, "[t]he government is entitled to marshal and present its evidence *at trial*, and have its sufficiency tested by a motion for acquittal . . . .") (emphasis added).

The proceedings, as they stand now, lack completeness and the facts remain in dispute. Accordingly, this case provides no occasion for the Court to determine whether the Government's proof is sufficient to sustain a conviction. The Court will not entertain such an analysis at the defendant's behest because doing so would be erroneous. *Id.*

### V.     CONCLUSION

For the reasons espoused above, the Court **RECOMMENDS** that defendant's Motion to Dismiss at Docket No. 37 be **DENIED**.

The parties have fourteen days to file any objections to this Report and Recommendation. Failure to file the same within the specified time waives the right to appeal this Report and Recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia Copete*, 792 F.2d 4 (1st Cir. 1986).

**IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico, this 12th day of June 2024.

s/*Marshal D. Morgan*
Marshal D. Morgan
United States Magistrate Judge